# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 19-cv-00715-REB

JIM BEELER DEMENT, JR.,

    Plaintiff,

v.

ANDREW M. SAUL,[1] Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed March 8, 2019, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of intermittent explosive disorder, dysthymic disorder, generalized anxiety disorder, antisocial personality disorder, and a 30-year history of methamphetamine use. After his application for supplemental

---

[1] On June 4, 2019, the Senate confirmed Andrew M. Saul as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill, former Acting Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 10, 2018. At the time of the hearing, plaintiff was 54 years old. He has a tenth grade education and past relevant work experience as a progressive assembler and fitter of agricultural equipment and as a security guard. He has not engaged in substantial gainful activity since at least September 9, 2015, the date of his application for benefits.

The ALJ found plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the evidence established plaintiff suffered from severe mental impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ concluded plaintiff had the residual functional capacity to perform a full range of semi-skilled work at all exertional levels but which required only occasional interaction with coworkers and supervisors and rare or no interaction with the general public. Because this finding did not preclude plaintiff's past relevant work, the ALJ found him not disabled at step four of the sequential evaluation. Alternatively, the ALJ found there were jobs existing in significant numbers in the national and local economies plaintiff could perform and therefore also found plaintiff not disabled at step five. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42

2

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(c).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater**, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual

3

functional capacity.

20 C.F.R. § 416.920(a)(4)(I)-(v).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner. *Id.*

## III. LEGAL ANALYSIS

in four interrelated points of error, plaintiff contends essentially the ALJ erred in her determination of his mental residual functional capacity. Finding no reversible error in any of these arguments, I affirm.

The crux of plaintiff's arguments on appeal is the treating source statement of Dr. Paul Freda. Dr. Freda opined that plaintiff had "marked" or "extreme" limitations in almost all areas of work-related mental functioning, including most particularly his ability to work with others. For example, Dr. Freda suggested plaintiff "will interpret instructions & directions from other as derisive & judgmental put-downs on his intellect and moral character" and "quickly escalate" encounters into full-blown attacks, causing others to "walk on eggshells around him." Most direly, Dr. Freda predicted that in a work environment, "before 1 hour has passed either a heated argument distracting others will occur and/or police will be called to the workplace." (Tr. 483-489.) The ALJ afforded these opinions "minimal weight" on the ground they were inconsistent with plaintiff's progress in managing his symptoms with therapy and medication documented in Dr. Freda's own treatment notes. (Tr. 33-34.).[3]

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 416.927(c)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003). A

---

[3] Because plaintiff's claims were filed prior to March 27, 2017, this section applies. For claims filed after that date, the Commissioner is no longer required to "give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c(a).

5

treating source opinion may not be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. ***Watkins***, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. ***Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ's opinion clearly meets those standards. The ALJ exhaustively recounted the history of plaintiff's efforts to manage his life-long anger management issues under the care of Dr. Freda and a therapist, Michelle McCauley. The ALJ's accurate and thorough description of this evidence fully supports her conclusion that while plaintiff's ability to control his outbursts waxed and waned with circumstances, overall he experienced notable improvement in his ability to recognize his triggers and de-escalate his anger in challenging situations. (Tr. 28-33.)[4] ***See Pacheco v. Sullivan***, 931 F.2d 695, 698 (10th Cir. 1991) (impairment that can be controlled with treatment is not disabling). The opinion thus establishes good cause for the ALJ's decision to afford Dr. Freda's opinion little weight.[5]

Where, as here, the ALJ's disability determination is supported by substantial evidence, it would be error to reweigh the evidence in the manner acceptance of plaintiff's arguments would require. ***See Thompson***, 987 F.2d at 1487 (court may not

---

[4] Indeed, Dr. Freda himself noted in his medical source statement that during a recent outburst at the doctor's office, "[i]t took all [plaintiff's] improvements in self-awareness to leave the conversation." (Tr. 485.)

[5] Although plaintiff characterizes the ALJ's conclusions in this regard as "speculative," he fails to develop this argument. "The failure to adequately develop an argument creates no obligation on the part of the court to consider it." ***Gruenberger v. Berryhill***, 2019 WL 2422788 at *6 (D. Colo. June 10, 2019) ***See also Manning v. Colvin***, 182 F.Supp.3d 1156, 1162 n.5 (D. Colo. 2016); ***Carter v. Colvin***, 27 F.Supp.3d 1142, 1148 n. 4 (D. Colo. 2014), ***aff'd***, 597 Fed .Appx. 501 (10th Cir. Jan. 9, 2015). Moreover, and contrary to plaintiff's arguments, his symptoms were not "cyclical" but situational, a circumstance the ALJ acknowledged and addressed throughout her opinion.

reweigh evidence where "reasonable mind" would find evidence adequate to support decision); **Zagorianakos v. Colvin**, 81 F.Supp.3d 1036, 1045 (D. Colo. 2015) (same). The court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*." **Lax v. Astrue**, 489 F.3d 1080, 1084 (10th Cir. 2007). **See also Abdelmeged v. Colvin**, 2015 WL 5047645 at *6 (D. Colo. Aug. 26, 2015) ("The mere fact that there may be two permissible views of the evidence . . . is not indicative that the ALJ's choice between them was in error.").

Thus, the ALJ did not err in discounting Dr. Freda's opinions. As plaintiff's arguments regarding his ability to work on a sustained and regular basis and the supportability of the ALJ's step four and five findings also presuppose the determinative nature of Dr. Freda's opinions, they fail as well.

As for plaintiff's assertion the ALJ erred in discounting his subjective reports of his functional limitations, the medical evidence recounted by the ALJ thoroughly substantiates her conclusion that plaintiff was less limited than he claimed. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White**, **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (quoting **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir.1995)). So long as the ALJ links her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference. **Id.** at 910; **see also Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000); **Carter v. Colvin**, 27 F.Supp.3d 1142, 1152 (D. Colo. 2014), **aff'd**, 597 Fed. Appx. 501 (10th Cir. Jan. 9, 2015). Such deference is warranted on this record.

Conversely, the ALJ did not err in affording "substantial weight" to the opinion of the state agency psychiatrist, Dr. David Strand.[6] Although, all other things being equal, opinions of examining medical sources are generally entitled to more weight than those of non-examining sources, **Robinson v. Barnhart**, 366 F.3d 1078, 1084 (10th Cir. 2004), "'[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.'" **Ellsworth v. Berryhill**, 2018 WL 2268008 at *4 (D. Colo. May 16, 2018) (quoting **Social Security Ruling** 96-6p, 1996 WL 374180 at *2 (SSA July 2, 1996)).[7] The ALJ found Dr. Strand's

---

[6] Moreover, in determining plaintiff's residual functional capacity, the ALJ was not required to rely on *any* medical source's opinion:

> [T]he ALJ was not required to adopt or rely on any medical source opinion in making her residual functional capacity assessment because the determination of residual functional capacity is not a medical opinion. Instead, residual functional capacity is assessed based on all of the relevant medical and other evidence, including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations. Although the ALJ's determination must be grounded in some medical evidence, it ultimately is an administrative determination reserved to the Commissioner[.]

**Zagorianakos**, 81 F.Supp.3d at 1044 (internal citations and quotation marks omitted). It was completely within the ALJ's legitimate purview to review the evidence and assess plaintiff's mental residual functional capacity herself based on all the evidence of record. **See** 20 C.F.R. § 416.920a(c); **Grandusky v. Berryhill**, 2018 WL 2722465 at *5 (D. Colo. June 6, 2018).

[7] Although SSR 96-6p has been rescinded and replaced by SSR 17-2p, *see* 2017 WL 1105349 (SSA March 27, 2017), courts have disagreed as to whether SSR 17-2p should apply retroactively, **compare Rhiana v. Saul**, 2019 WL 4183974 at *5 n.7 (S.D. Ind. Sept. 4, 2019) (SSR 17-2p applicable because ALJ's opinion was issued after effective date of the ruling, citing cases) **with Jansky v. Acting Commissioner of Social Security**, 2019 WL 1123847 at *2 n.3 (M.D. Fla. March 12, 2019) (plaintiff's claim filed prior to effective date of SSR 17-2p, SSR 96-6p still applicable). Nevertheless, substantively, SSR 17-2p deals solely with the requirements for a finding of medical equivalence, which is only one of the topics addressed in SSR 96-6p. **See Social Security Ruling** 96-6p, 1996 WL 374180 at *1 (noting SSR 96-6p also "clarif[ies] Social Security Administration policy regarding the consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists by adjudicators"). Regardless, I perceive the notion that state agency medical sources are highly qualified medical professionals whose opinions may be relied on in appropriate circumstances to be enduring and uncontroversial.

opinion more consistent with the evidence of record, a determination she buttressed by an exacting analysis of the evidence. Here again, that determination is supported by substantial evidence clearly set forth in the decision and does not constitute reversible error.[8]

Nor did the ALJ err in failing to recontact Dr. Freda. The duty to recontact a medical source is triggered only when the ALJ is unable to reach a conclusion regarding disability based on the evidence before her, not merely because she rejects such opinion. **See White**, 287 F.3d at 908. Similarly, the ALJ did not err in failing to order a consultative examination. Under the regulations, the ALJ may order a consultative examination "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [her] to make a determination or decision[.]" 20 C.F.R. § 416.919a(b).[9] There is nothing in the evidence to suggest the type of ambiguity or uncertainty which would have made it an abuse of discretion to decline to order a

---

[8] Although plaintiff also claims this opinion was "stale" insofar as it was rendered without the benefit of later medical records, the ALJ's review of this same evidence demonstrates that the course of plaintiff's impairments reflected in those later records was consistent with Dr. Strand's earlier opinion. **See Tarpley v. Colvin**, 601 Fed. Appx. 641, 644 (10th Cir. Feb. 4, 2015) ("[N]othing in the later medical records [plaintiff] cites supports . . . a material change in [plaintiff's] condition that would render [the agency physician's] opinion stale.").

[9] Such circumstances may arise where, for example,

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or
>
> (4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 416.919a(b). None of those circumstances pertains here.

9

psychiatric consultative examination on the ALJ's own initiative.[10]

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated November 18, 2019, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge

---

[10]  I note also that plaintiff was represented by counsel at the administrative level.  "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record – indeed, to exhort the ALJ that the case is ready for decision – and later fault the ALJ for not performing a more exhaustive investigation."  *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).